STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPANY, as subrogee of Vicki K. Sheraton, Plaintiff Below–Appellant,

v.

Heather L. DANN, Defendant Below–Appellee.

No. 538,2000.

Supreme Court of Delaware.

Submitted: Jan. 3, 2001.
Decided: March 26, 2001.

Louis J. Rizzo, Jr., Esquire, of Reger & Rizzo, Wilmington, Delaware, Attorney for Appellee.

Thomas P. Leff, Esquire, of Casarino, Christman & Shalk, Wilmington, Delaware, Attorney for Appellant.

Before VEASEY, Chief Justice, WALSH, HOLLAND, BERGER and STEELE, Justices, constituting the Court en Banc.

PER CURIAM:

This case raises the question of the tension between possible judicial economy and the orderly processes of trial and appellate courts. The Supreme Court sits as an appellate court to review final judgments of trial courts. There are mechanisms for this Court to hear and determine questions certified to us by Delaware trial courts where those courts have not made a determination in the first instance. But these situations should be rare.

Supreme Court Rule 41(b) provides, in part, that certification will be accepted by this Court only if there are "important and urgent reasons for an immediate determination by this Court of the questions certified."

The Superior Court of the State of Delaware certified two questions of law to this Court in accordance with the Delaware Constitution, article IV, § 11(9), and Supreme Court Rule 41. By order dated November 14, 2000, the following questions have been certified:

(1) May an insurer that has paid benefits to an insured, under 21 Del. C. § 2118(a), recover directly from an indi-

vidual tortfeasor in subrogation, pursuant to 21 Del. C. § 2118(g)?

(2) May an out-of-state insurance carrier be subject to the jurisdiction of the courts of the State of Delaware for purposes of subrogation pursuant to 21 Del. C. § 2118(g) when the out-of-state carrier's insured commits a tort within the State?

The Supreme Court has deferred action on this certification pending an expected certification of a similar question from the United States District Court for the District of Delaware. *Waters and State Farm v. United States of America*, 787 A.2d 71 (Del.Supr.2001). That certification has now been submitted by the District Court and has been accepted by this Court as a matter of comity. This Court's answer to the question certified by the District Court may resolve, at least in part, one of the questions certified by the Superior Court in the instant case.

It is preferable as a matter of the orderly administration of justice for the trial courts of this State to decide in the first instance all questions of law, including new and challenging legal questions, so that this Court will have the benefit of the reasoning and analysis of the trial court. There may be compelling instances where there are important and urgent reasons requiring an exception to this principle when exigencies of time or a strong showing of judicial economy so dictate. In such instances this Court may exercise its discretion to accept a certified question from a Delaware trial court. This, however, is not one of those rare cases.

The Court has considered the questions certified and the particular circumstances of this case. We have determined that important and urgent reasons do not exist to justify deviating from the ordinary appellate process available to the parties in this case. It is preferable in this case for this Court to have the benefit of the reasoning and analysis of the trial court before we are called upon to decide the issues presented. Consequently, acceptance of the certification of the questions of law is not appropriate in this case pursuant to Supreme Court Rule 41.

We, therefore, decline to accept the certified questions. Accordingly, the questions of law certified by the Superior Court of the State of Delaware are hereby REFUSED.